UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
——————————————————————————————X
THE ANNUITY, PENSION, WELFARE, TRAINING AND
LABOR MANAGEMENT COOPERATION TRUST FUNDS
OF THE INTERNATIONAL UNION OF OPERATING
ENGINEERS LOCAL 14-14B, AFL-CIO, BY THEIR TRUSTEES
EDWIN L. CHRISTIAN, CHRISTOPHER T. CONFREY, JOHN
CRONIN, JOSEPH BYRNE, KENNETH KLEMENS, JR., JOHN      **COMPLAINT**
F. O'HARE, MICHAEL SALGO and WILLIAM TYSON, and
INTERNATIONAL UNION OF OPERATING ENGINEERS            19-CV-10204
LOCAL 14-14B, AFL-CIO, BY ITS BUSINESS MANAGER
EDWIN L. CHRISTIAN,

                              Plaintiffs,

      -against-

GLASSMAR STEEL ERECTORS, INC.,

                             Defendant.
——————————————————————————————X

      Plaintiffs THE ANNUITY, PENSION, WELFARE, TRAINING and LABOR MANAGEMENT COOPERATION TRUST FUNDS OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 14-14B, AFL-CIO ("LOCAL 14 TRUST FUNDS") and Plaintiff INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 14-14B, AFL-CIO ("LOCAL 14"), by their attorneys, BRADY McGUIRE & STEINBERG, P.C., for their Complaint, respectfully allege:

      1.      This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq. ("ERISA") and Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185 ("LMRA") to compel an audit of Defendant's payroll records and to recover annuity, voluntary annuity, pension, welfare,

training and labor management cooperation trust fund contributions along with dues assessment and defense fund payments based upon the breach of the terms and conditions of a collective bargaining agreement.

## JURISDICTION & VENUE

2. The subject matter jurisdiction of this Court is invoked pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, along with Section 301(c) of the LMRA, 29 U.S.C. § 185(c).

3. Venue is properly laid in the Southern District of New York pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2) and Section 301(a) of the LMRA, 29 U.S.C. § 185(a), in that, Defendant's principal office for the transaction of business is located in the County of Westchester and State of New York.

## THE PARTIES

4. Plaintiffs LOCAL 14 TRUST FUNDS are joint trustee funds established by various trust indentures pursuant to Section 302 of the LMRA, 29 U.S.C. § 186, having their principal office for the transaction of business located at 159-18 Northern Boulevard, Flushing, New York.

5. EDWIN L. CHRISTIAN, CHRISTOPHER T. CONFREY, JOHN CRONIN, JOSEPH BYRNE, KENNETH KLEMENS, JR., JOHN F. O'HARE, MICHAEL SALGO and WILLIAM TYSON are Trustees of the LOCAL 14 ANNUITY, PENSION, WELFARE & TRAINING FUNDS and are "fiduciaries" within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. EDWIN L. CHRISTIAN, CHRISTOPHER T. CONFREY, JOHN CRONIN, JOSEPH BYRNE, KENNETH KLEMENS, JR., JOHN F. O'HARE, MICHAEL SALGO and WILLIAM TYSON are Trustees of the LOCAL 14 LABOR MANAGEMENT COOPERATION TRUST FUND and are "fiduciaries" within the meaning of Section 501 of the Labor-Management Reporting and Disclosure Act, 29 U.S.C. § 501 and the common law of trusts.

7. The LOCAL 14 ANNUITY and PENSION FUNDS are employee pension benefit plans within the meaning of Section 3(2) of ERISA, as amended, 29 U.S.C. § 1002(2) and established for the purpose of providing retirement income to eligible participants.

8. The LOCAL 14 WELFARE and TRAINING FUNDS are employee welfare benefit plans within the meaning of Section 3(1) of ERISA, 29 U.S.C. § 1002(1) and established for the purpose of providing medical and skill improvement benefits to eligible participants.

9. Plaintiffs LOCAL 14 ANNUITY, PENSION, WELFARE & TRAINING FUNDS constitute multi-employer/employee benefit plans within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).

10. Plaintiff LOCAL 14 LABOR MANAGEMENT COOPERATION TRUST FUND is a labor management cooperation trust fund as defined under the Labor-Management Cooperation Act of 1978, 29 U.S.C. § 186(c)(9) and Section 501(c)(5) of the Internal Revenue Code.

11. Plaintiff LOCAL 14 is a labor organization as defined in Section 2 of the LMRA, 29 U.S.C. § 152, having its principal office for the transaction of business located at 159-18 Northern Boulevard, Flushing, New York.

12. EDWIN L. CHRISTIAN is the Business Manager and chief executive officer of Plaintiff LOCAL 14.

13. Upon information and belief, Defendant GLASSMAR STEEL ERECTORS, INC. ("GLASSMAR") was and still is a New York corporation with its principal place of business at 7 Raemont Road, Granite Springs, New York.

14. Upon information and belief, Defendant GLASSMAR was and still is a foreign corporation duly licensed to do business in the State of New York.

15. Upon information and belief, Defendant GLASSMAR was and still is a foreign corporation doing business in the State of New York.

16. Upon information and belief, Defendant GLASSMAR is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5) and Section 301 of the LMRA, 29 U.S.C. § 185.

## BACKGROUND INFORMATION

17. At all times relevant hereto, Plaintiff LOCAL 14 and Defendant GLASSMAR have been parties to a collective bargaining agreement and Defendant GLASSMAR agreed to be bound to the terms and conditions thereof (hereafter referred to as the "Collective Bargaining Agreement").

18. Pursuant to the terms of the Collective Bargaining Agreement, Defendant GLASSMAR is obligated to remit, at specified rates, annuity, voluntary annuity, pension, welfare, training and labor management cooperation trust fund contributions based upon each regular or straight and double time hour of work performed by those employees covered by the Collective Bargaining Agreement.

19. Pursuant to the terms of the Collective Bargaining Agreement, Defendant GLASSMAR is obligated to remit, at specified rates, employee allocated dues assessment and defense fund payments to Plaintiff LOCAL 14 based upon each straight and double time hour of work performed by those employees covered by the Collective Bargaining Agreement.

20. Pursuant to the terms of the Collective Bargaining Agreement, Defendant GLASSMAR is obligated to make its books and records available to the designated representative of Plaintiffs in order to determine if the proper amount in annuity, voluntary annuity, pension, welfare, training and labor management cooperation trust fund contributions along with dues assessment and defense fund payments have been made to Plaintiffs as required by the Collective Bargaining Agreement.

## AS AND FOR A FIRST CAUSE OF ACTION
## (AUDIT DEMAND PURSUANT TO ERISA, TRUST AGREEMENTS & COLLECTIVE BARGAINING AGREEMENT)

21. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 20 inclusive with the same force and effect as though more fully set forth at length herein.

22. Pursuant to the terms of the Trust Agreements establishing Plaintiffs LOCAL 14 TRUST FUNDS, as referred to in the Collective Bargaining Agreement, along with ERISA, Plaintiffs are entitled to an audit of the books and records of Defendant GLASSMAR.

23. Section 209(a)(1) of ERISA, 29 U.S.C. § 1059(a)(1) together with applicable case law provides that employers are required to maintain records so that employee benefit plans may review them to determine whether contributions are due and employers, such as Defendant

GLASSMAR, have an affirmative duty to furnish to Plaintiffs the information needed for them to fulfill their duties.

24. In pertinent part, the Collective Bargaining Agreement states:

> The parties further agree to be bound to all the agreements and declarations of trusts, amendments and regulations, thereto, referenced in the applicable Association Collective Bargaining Agreements and to remit all contributions as set forth under the applicable Association Collective Bargaining Agreements and all amendments, renewals and/or extensions thereto, as adopted by the aforesaid Association and the aforesaid Local Union or their designated trustees.

25. In pertinent part, the Trust Agreements establishing each of Plaintiffs LOCAL 14 TRUST FUNDS provide that:

> The Trustees may call upon the Employers . . . to furnish to the Trustees such information and reports as they may require in the performance of their duties . . . The Trustees, or their authorized representatives, duly authorized in writing, shall have the right to audit, examine and make copies of all or any part of the books and records of any Employer including but not limited to payroll books and records, cash books, ledgers, contracts, tax returns or reports, and any other book or record which the Trustees deem necessary or desirable in connection with the proper administration of this Trust.

26. Upon information and belief, Defendant GLASSMAR may have underreported the number of employees, the amount of employee hours and wages paid to its employees and therefore the annuity, voluntary annuity, pension, welfare, training and labor management cooperation trust fund contributions along with dues assessment and defense fund payments due to Plaintiffs LOCAL 14 TRUST FUNDS and Plaintiff LOCAL 14, respectively.

27. Although Plaintiffs formally requested the production of the books and records from Defendant GLASSMAR in order to determine if the aforementioned annuity, voluntary annuity, pension, welfare, training and labor management cooperation trust fund contributions along with dues assessment and defense fund payments have been properly paid, to date, said

Defendant has refused to produce the documents and schedule an audit. As a result thereof, Plaintiffs demand an audit of the books and records of Defendant GLASSMAR for the period of July 1, 2016 through October 31, 2019.

## AS AND FOR A SECOND CAUSE OF ACTION
## (BREACH OF COLLECTIVE BARGAINING AGREEMENT)

28. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 27 inclusive with the same force and effect as though more fully set forth at length herein.

29. Upon information and belief, Defendant GLASSMAR has failed to provide the contractually required annuity, voluntary annuity, pension, welfare, training and labor management cooperation trust fund contributions along with dues assessment and defense fund payments for the period of July 1, 2016 through October 31, 2019 in the approximate amount of $100,000.00.

30. Upon information and belief, Defendant GLASSMAR has failed to pay any portion of the outstanding amount owed in annuity, voluntary annuity, pension, welfare, training and labor management cooperation trust fund contributions to Plaintiffs LOCAL 14 TRUST FUNDS with the final amount owed to be confirmed after the completion of the audit requested in the First Cause of Action.

31. Upon information and belief, Defendant GLASSMAR has failed to pay any portion of the outstanding amount owed in dues assessment and defense fund payments to Plaintiff LOCAL 14 with the final amount owed to be confirmed after the completion of the audit requested in the First Cause of Action.

32. Accordingly, as a direct and proximate result of the defaults, omissions and breaches of the Collective Bargaining Agreement by Defendant GLASSMAR, said Defendant is liable to Plaintiffs LOCAL 14 TRUST FUNDS and Plaintiff LOCAL 14, collectively, in the approximate amount of $100,000.00 with the final amount owed to be calculated after the completion of the audit requested in the First Cause of Action.

### AS AND FOR A THIRD CAUSE OF ACTION
### (BREACH OF ERISA OBLIGATIONS)

33. Plaintiffs repeat and reallege each and every paragraph of the Complaint numbered 1 through 32 inclusive with the same force and effect as though more fully set forth at length herein.

34. Upon information and belief, the failure of Defendant GLASSMAR to remit the required annuity, voluntary annuity, pension, welfare and training contributions to Plaintiffs LOCAL 14 ANNUITY, PENSION WELFARE & TRAINING FUNDS for the period of July 1, 2016 through October 31, 2019 in the approximate amount of $100,000.00 is a violation of Section 515 of ERISA, 29 U.S.C. § 1145, which requires that employers pay fringe benefit contributions in accordance with the terms and conditions of the applicable collective bargaining agreement.

35. Upon information and belief, Defendant GLASSMAR remains delinquent in remitting the proper amount owed in annuity, voluntary annuity, pension, welfare and training contributions to Plaintiffs LOCAL 14 ANNUITY, PENSION, WELFARE & TRAINING FUNDS with the final amount owed to be confirmed after the audit requested in the First Cause of Action is completed.

36. Section 502 of ERISA, 29 U.S.C. § 1132 provides that upon a finding of an employer's violation of Section 515 of ERISA, 29 U.S.C. § 1145, the Court shall award to the Plaintiff Trust Funds: (a) the amount owed in unpaid fringe benefit contributions; together with (b) interest on the unpaid contributions computed at the rate provided for under the Plaintiff Trust Fund's Plan, or if none, at the rate set forth in the United States Internal Revenue Code at 26 U.S.C. § 6621; (c) statutory damages; (d) reasonable attorneys' fees; (e) auditors' fees; and (f) the costs and disbursements of the action.

37. Accordingly, as a direct and proximate result of the breach of the Collective Bargaining Agreement by Defendant GLASSMAR and as a result thereof having violated Section 515 of ERISA, 29 U.S.C. § 1145, said Defendant is liable to Plaintiffs LOCAL 14 ANNUITY, PENSION, WELFARE & TRAINING FUNDS in the approximate amount of $100,000.00 (with the final amount owed to be confirmed after completion of the audit requested in the First Cause of Action), together with accumulated interest on the unpaid fringe benefit contributions, statutory damages, reasonable attorneys' fees, auditors' fees, along with the costs and disbursements incurred in this action, all pursuant to Section 502 of ERISA, 29 U.S.C. § 1132.

**WHEREFORE**, Plaintiffs THE ANNUITY, PENSION, WELFARE, TRAINING AND LABOR MANAGEMENT COOPERATION TRUST FUNDS OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 14-14B, AFL-CIO and Plaintiff INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 14-14B, AFL-CIO demand judgment on the First Cause of Action in the form of an Order requiring Defendant GLASSMAR STEEL ERECTORS, INC. to submit its books and records to the designated

representative of Plaintiffs for an audit in accordance with the applicable provisions of ERISA, the Trust Agreements establishing Plaintiffs LOCAL 14 TRUST FUNDS and the Collective Bargaining Agreement for the period of July 1, 2016 through October 31, 2019.

**WHEREFORE**, Plaintiffs THE ANNUITY, PENSION, WELFARE, TRAINING AND LABOR MANAGEMENT COOPERATION TRUST FUNDS OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 14-14B, AFL-CIO and Plaintiff INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 14-14B, AFL-CIO demand judgment on the Second Cause of Action of Defendant GLASSMAR STEEL ERECTORS, INC. in the amount of annuity, voluntary annuity, pension, welfare and training fund contributions with interest, labor management cooperation trust fund contributions, dues assessment and defense fund payments determined to be due and owing pursuant to the report issued subsequent to the completion of the audit demanded in the First Cause of Action.

**WHEREFORE**, Plaintiffs THE ANNUITY, PENSION, WELFARE AND TRAINING FUNDS OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 14-14B, AFL-CIO demand judgment on the Third Cause of Action of Defendant GLASSMAR STEEL ERECTORS, INC. in the amount of annuity, voluntary annuity, pension, welfare and training contributions with interest determined to be due and owing pursuant to the report issued subsequent to the completion of the audit demanded in the First Cause of Action, together with:

1. Prejudgment interest, computed at the plan rate or the applicable United States Treasury rate from the date on which the first payment was due on the total amount owed by the Defendant, in accordance with Section 502(g)(2)(B) of ERISA, 29 U.S.C. § 1132(g)(2)(B);

2. Statutory damages in accordance with Section 502(g)(2)(C) of ERISA, 29 U.S.C. § 1132(g)(2)(C);

3. Attorneys' fees, auditor's fees, and the costs and disbursements of this action in accordance with Section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D); and

4. Such other and further relief as the Court may deem just and proper in accordance with Section 502(g)(2)(E) of ERISA, 29 U.S.C. § 1132(g)(2)(E).

Dated: Tarrytown, New York
November 4, 2019

          Respectfully submitted,

          BRADY McGUIRE & STEINBERG, P.C.

By:   */s/ James M. Steinberg*

       James M. Steinberg, Esq.
       Attorneys for Plaintiffs *I.U.O.E. Local 14 Trust Funds and I.U.O.E. Local 14*
       303 South Broadway, Suite 234
       Tarrytown, New York 10591
       (914) 478-4293